Marion Edward PEARSON,
Jr., Plaintiff–Appellant,

v.

The CITY OF MORGANTON, NORTH CAROLINA, sued in their individual capacity; Burke County Department of Social Services, Policy Official; John S. Suttle, sued in both individual and official capacity; Ronnie Hudson, sued in both individual and official capacity; Kathy Robinson, sued in both individual and official capacity; Brenda Bissette, sued in both individual and official capacity; The News Herald, sued in their individual capacity; Prince George County Officer John Doe 1 and 2; John Doe, Social Worker 1 and 2; Christian McClitock, sued in his individual capacity; Gene Baker, sued in his individual capacity; Robert C. Ervin, sued in his individual capacity; Wayne Clontz, sued in his individual capacity; John McDevitt, sued in both individual and official capacity; Gary Dillinger, sued in both individual and official capacity; Talton Dark, sued in both individual and official capacity; Steve Scholeberle, sued in both individual and official capacity; B.J. Hamerick, sued in both individual and official capacity; North Carolina S.B.I. Crime Lab; Claude S. Sitton, Judge; Peter W. Haiston, judge, sued as official; Oli-

ver L. Noble, Judge, sued as official; Becky Brendle; Julius A. Rousseau, Jr., Judge, sued as official, Defendants–Appellees.

No. 02–7088.

United States Court of Appeals,
Fourth Circuit.

Submitted Nov. 19, 2002.

Decided Dec. 16, 2002.

Marion Edward Pearson, Jr., Appellant Pro Se. E. Fitzgerald Parnell, III, Poyner & Spruill, Charlotte, North Carolina, for Appellees.

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

PER CURIAM.

Marion Edward Pearson, Jr., appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2000) complaint. We have reviewed the record and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. *See Pearson v. City of Morganton*, No. CA–01–285–1–02–MU (W.D.N.C. June 11, 2002).\* We dispense with oral argument because the facts and legal contentions are adequately presented

---

\* We note that we lack jurisdiction over Pearson's claims relating to the issuance of a nontestimonial identification order ("NIO") under the *Rooker–Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *State v. Pearson*, 356 N.C. 22, 566 S.E.2d 50, 55–61 (N.C.2002) (finding sufficient evidence to support the issuance of the NIO), *petition for cert. filed*, (Oct. 16, 2002) (No. 02–7164).